IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAIL BARNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-2840-D |
| VS. | § | |
| | § | |
| PERFECT SEARCH CORPORATION, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendants move under Fed. R. Civ. P. 12(c) for judgment on

the pleadings. The court grants the motion but also grants plaintiff leave to replead.[*]

I

Plaintiff Gail Barnett ("Barnett") sues defendants Perfect Search Corporation ("PSC"),

George Watanabe ("Watanabe"), and Timothy Stay ("Stay") to recover on claims for money

had and received, trespass, aiding and abetting fraud against marital property, unjust

enrichment, rescission, and conversion. Barnett alleges that, following the death of her late

---

[*]As the court notes *infra* at § VI, plaintiff has filed a December 1, 2014 motion for leave to file a first amended complaint. When a motion to dismiss (or for judgment on the pleadings) may be affected by an amended complaint, it is not unusual for the court to decide first whether to grant leave to amend, and, if leave is granted, to deny the motion to dismiss without prejudice as moot. Here, however, the court concludes that plaintiff should have the benefit of the court's rulings before framing her first amended complaint because there are at least some aspects of her proposed pleading that she may wish to reconsider in light of the court's rulings. The court is therefore denying her motion for leave to file the proposed amended complaint submitted with her motion, without prejudice to her filing an amended complaint as permitted by this memorandum opinion and order.

husband Collier Barnett ("Collier") in 2013, she discovered that, contrary to her wishes, he had made five investments in PSC: he purchased 25,000 shares on or about January 14, 2011, for $100,000; 25,000 shares on or about August 26, 2011, for $100,000; 12,500 shares on or about December 13, 2011, for $50,000; 25,000 shares on or about December 20, 2011, for $100,000; and 25,000 shares on or about March 9, 2012, for $100,000.   According to Barnett's petition, despite her express rejection of Collier's proposal that they invest in PSC, he proceeded to purchase the PSC shares with community property funds, and without her knowledge or consent, forging her signature on the documentation for the second, third, and fifth purchases.   Barnett alleges that the shares Collier purchased for the total sum of $450,000 are now worth approximately $32,659.50, resulting in a loss to Barnett of $417,340.50.

Defendants move for judgment on the pleadings, contending that Barnett's claims for money had and received, trespass, unjust enrichment, and conversion are barred by limitations; Texas does not recognize a claim for aiding and abetting fraud against marital property; and Barnett lacks standing to pursue, and has failed to properly plead, a claim for rescission.   Defendants also maintain that, assuming *arguendo* that Barnett has stated one or more valid claims on which relief can be granted, she only has standing to recover her one-half share of the marital property that Collier used to purchase the PSC shares, and that any right of recourse that she has against defendants arises only if she first unsuccessfully seeks relief from Collier's estate.

- 2 -

## II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted)).

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive defendants' motion, Barnett's petition must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the

pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III

Defendants are not entitled to judgment on the pleadings dismissing Barnett's claims for money had and received, trespass, unjust enrichment, and conversion on the ground that they are barred by limitations.

> Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.  In the usual case, this court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint. Furthermore, it is well settled that in order for a defendant to prevail on the basis of limitations at the pleadings stage, the plaintiff must normally plead itself out of court.

*TIB—The Indep. BankersBank v. Canyon Cmty. Bank*, 13 F.Supp.3d 661, 666 (N.D. Tex. 2014) (Fitzwater, C.J.) (brackets, ellipsis, citations, and internal quotation marks omitted).

Barnett contends that her claims are not time-barred because the limitations period was tolled based on fraudulent concealment or the discovery rule.  Defendants argue in reply

that Barnett has not pleaded a plausible basis for application of fraudulent concealment or the discovery rule, and that she has not satisfied the requirements of Rule 9(b) for pleading fraud.  But the controlling question in the context of this Rule 12(c) motion is whether the affirmative defense of limitations clearly appears on the face of Barnett's state court petition, and it does not.  Because the court is unable to conclude from Barnett's state court petition alone that she has pleaded herself out of court—that is, that it affirmatively appears that her claims for money had and received, trespass, unjust enrichment, and conversion are barred by limitations—defendants are not entitled at the Rule 12(c) stage to dismissal of these claims based on limitations.

IV

Barnett's claim under § 3.104 of the Texas Family Code for aiding and abetting fraud against marital property, and her rescission claim do not state claims on which relief can be granted.

Barnett responds that although fraud against the community arguably is not a standalone cause of action, Texas courts recognize causes of action for constructive trust and to recover property held by a third party as a result of fraud by one spouse against the assets of another.  She also contends that rescission is available as an equitable remedy under the Texas Uniform Fraudulent Transfer Act.  Barnett has requested, and the court grants below, leave to amend her petition.  If she has grounds to plead claims or to seek remedies of the type she describes, she may allege such a claim or seek such a remedy in her amended complaint.

V

A

Finally, defendants contend that, assuming *arguendo* that Barnett has stated one or more valid claims, she only has standing to recover her share of the marital property used to purchase the investments, i.e., $225,000, which is one-half the amount that Collier invested in PSC.  Defendants maintain that, under Texas community property law, Barnett and Collier each had a legal right to one-half of their marital property, so Barnett only has standing to pursue her claims to the extent that Collier used her one-half interest in the marital property to invest in PSC.  Defendants also posit that, before Barnett can seek to recover from them, she must first seek reimbursement from Collier's estate and must show that reimbursement is either unavailable or insufficient to compensate her for her alleged damages.  Defendants argue that they are entitled to judgment dismissing Barnett's claims for failure to first seek reimbursement from Collier's estate, or, alternatively, at a minimum are entitled to limit her recovery to her share of the marital property that Collier used to invest in PSC.

Barnett responds that she is not limited to one-half the amount invested in PSC because she can establish a claim for fraudulent transfer.  She contends that she is not obligated to seek contribution from Collier's estate because this lawsuit is not a divorce proceeding under which she may be made whole by obtaining a portion of her ex-husband's interest, and Collier's estate has already been probated, thereby precluding her from obtaining any recovery of her lost assets.  She also maintains that it would be improper to satisfy her claim out of assets bequeathed to her in Collier's will because a contribution claim

- 6 -

against assets already attributed to her would essentially provide a recovery against her own interests.

B

Under Texas law,

> [i]f a spouse disposes of community property in fraud of the other spouse's rights, the aggrieved spouse has a right of recourse first against the property or estate of the disposing spouse; and, if that proves to be of no avail, then the aggrieved spouse may pursue the proceeds to the extent of her community interest into the hands of the party to whom the funds have been conveyed.

*Carnes v. Meador*, 533 S.W.2d 365, 371 (Tex. Civ. App. 1975, writ ref'd n.r.e.) (citing, *inter alia*, *Hartman v. Crain*, 398 S.W.2d 387, 389 (Tex. Civ. App. 1966, no writ)). In *Carnes* the court of civil appeals held that the plaintiff, in her individual capacity, was entitled to reimbursement from her late husband's share of the community estate for her one-half interest in the funds disposed of in fraud of her rights, and, to the extent that the share of the community funds remaining was insufficient for full reimbursement, she was entitled to recover against the defendant from funds held by the defendant. *Id.*

Barnett's petition contains allegations that support the premise that she is asserting that Collier defrauded her when he made the five investments in PSC. *See, e.g.,* Pet. ¶ 68 (alleging that defendants aided and abetted fraud against Barnett's marital property on ground that they were aware that Collier did not have Barnett's authority to invest marital property in PSC). So far as the court can determine from Texas law, Barnett can only recover against defendants if she first establishes that recourse against Collier's property or

- 7 -

estate would be of no avail.  *See Carnes*, 533 S.W.2d at 371.  Although Barnett sets out in her brief why she contends she is not required to seek contribution from Collier's estate, she does not in her complaint plead factual content that allows the court to draw the reasonable inference that seeking recourse against Collier's property or estate would be of no avail. Moreover, as now pleaded, any right of recovery that Barnett would have against defendants would be limited to her one-half community interest in the funds that Collier used to invest in PSC.

Accordingly, the court grants defendants' motion for judgment on this basis.

VI

The court grants Barnett's request for leave to file an amended complaint.  First, Barnett requests leave to amend in her response to defendants' motion, and in a separate December 1, 2014 motion for leave to file a first amended complaint.  Second, Barnett filed this lawsuit in state court, under the pleading standards that govern in that forum.  She should be given an opportunity to replead under the federal pleading standards.  *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case).  Barnett must file her first amended complaint within 28 days of the date this memorandum opinion and order is filed.

*   *   *

Defendants' motion for judgment on the pleadings is granted, and Barnett is granted leave to replead.   Barnett's December 1, 2014 motion for leave to file first amended complaint is denied without prejudice as moot.

**SO ORDERED**.

December 3, 2014.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE